**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

RYAN KEITH SCOTT,
*Defendant-Appellant.*

No. 00-4472

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Raymond A. Jackson, District Judge.
(CR-96-193)

Submitted: March 16, 2001

Decided: March 29, 2001

Before WILLIAMS, MOTZ, and KING, Circuit Judges.

_____

Affirmed in part and dismissed in part by unpublished per curiam
opinion.

_____

**COUNSEL**

Deirdre A. Farrington, Hampton, Virginia, for Appellant. Alan Mark
Salsbury, OFFICE OF THE UNITED STATES ATTORNEY, Nor-
folk, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

## OPINION

PER CURIAM:

Ryan Keith Scott's probation officer filed a petition for revocation of Scott's supervised release. The petition set forth four grounds for revocation: 1) Scott failed to pay restitution as ordered and directed by the probation officer, 2) Scott failed to submit monthly supervision reports as directed, 3) Scott failed to maintain steady employment, and 4) Scott failed to support his dependents as instructed. At a hearing on the petition to revoke his supervised release Scott admitted the first and second allegations, and the district court found that he had committed the violations alleged in the third and fourth grounds. The district court sentenced Scott to eighteen months imprisonment, a sentence that exceeded the advisory range of three to nine months contained in United States Sentencing Commission, *Guidelines Manual*, § 7B1.4(a) (Nov. 1998). Scott timely appealed the revocation of his supervised release and his sentence.

Scott's attorney has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), alleging that Scott was denied the effective assistance of counsel at the revocation hearing and that the district court abused its discretion in sentencing Scott, but stating that, in her view, there are no meritorious issues for appeal. Scott filed a pro se supplemental brief, also asserting that he was denied the effective assistance of counsel.

Claims of ineffective assistance of counsel are generally not cognizable on direct appeal. *See United States v. King*, 119 F.3d 290, 295 (4th Cir. 1997). Rather, to allow for adequate development of the record, a defendant must bring his claim in a motion under 28 U.S.C.A. § 2255 (West Supp. 2000). *See King*, 119 F.3d at 295; *United States v. Hoyle*, 33 F.3d 415, 418 (4th Cir. 1994). An exception exists when the record conclusively establishes ineffective assistance. *See King*, 119 F.3d at 295. We find that the record in the instant case does not conclusively establish that Scott's counsel was ineffective. Therefore, we do not address this issue on direct appeal. Scott may assert his claim in a § 2255 habeas motion, if he so chooses.

This court reviews a sentence imposed after revocation of supervised release for abuse of discretion. *United States v. Davis*, 53 F.3d

638, 642-43 (4th Cir. 1995). Our review of the record convinces us that the district court considered the suggested range from the policy statement, as well as other factors related to Scott's violation, and properly exercised its discretion in imposing a sentence within the statutory maximum.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. Therefore, we dismiss the appeal as to Scott's claims of ineffective assistance of counsel, and affirm the revocation of Scott's supervised release and his sentence. This court requires that counsel inform her client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED IN PART; DISMISSED IN PART*